IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES SMITH aka TAHID RASHEED, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> DIRECTOR OF CORRECTIONS, et al., ) <br> ) <br> ) <br> Defendants. ) <br> ) <br> ) <br> _____ ) | 1:11-cv-02140-GSA-PC <br><br> ORDER FINDING PLAINTIFF INELIGIBLE TO PROCEED IN FORMA PAUPERIS IN THIS ACTION AND DISMISSING ACTION WITHOUT PREJUDICE TO REFILING WITH SUBMISSION OF $350.00 FILING FEE IN FULL <br> (Doc. 1.) <br><br> ORDER FOR CLERK TO CLOSE CASE |

James Smith aka Tahid Rasheed ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on December 28, 2011.[1] (Doc. 1.) Plaintiff did not pay the $350 filing fee or submit an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (Court Record.)

On January 12, 2012, Plaintiff consented to Magistrate Judge jurisdiction in this action, and no other parties have made an appearance. (Doc. 3.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

---

[1] Plaintiff has filed numerous civil actions at this Court using the names James E. Smith, Tahee Abdul Rasheed, Tahee Abd' Rasheed and/or Tahid Rasheed and prison I.D. number J-74120.

1

28 U.S.C. § 1915 governs proceedings in forma pauperis. Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." A review of the actions filed by Plaintiff reveals that Plaintiff is subject to 28 U.S.C. § 1915(g) and is precluded from proceeding in forma pauperis unless Plaintiff is, at the time the complaint is filed, under imminent danger of serious physical injury.[2]

The Court has reviewed Plaintiff's Complaint and finds that Plaintiff does not meet the imminent danger exception.[3] Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007). Because Plaintiff alleges no facts supporting a finding that he was under imminent danger of serious physical injury at the time he filed the Complaint, Plaintiff is ineligible to proceed in forma pauperis in this action.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff is ineligible to proceed in forma pauperis in this action;

2. This action is DISMISSED, without prejudice to refiling with the submission of the $350.00 filing fee in full; and

3. The Clerk is directed to CLOSE this case.


IT IS SO ORDERED.

Dated:   **January 18, 2012**                    **/s/ Gary S. Austin**
                                                 UNITED STATES MAGISTRATE JUDGE

---

[2] The Court takes judicial notice of 1:07-cv-00509-LJO-SMS Smith v. John/Jane Does, et al. (E.D. Cal.) (dismissed for frivolousness, maliciousness, and failure to state a claim on 05/04/2007);1:06-cv-00310-AWI-LJO Smith v. Scribner, et al. (E.D. Cal.) (dismissed for failure to state a claim on 05/09/2007);1:07-cv-00531-AWI-SMS Smith v. Social Security Administrative Office, Employees (E.D. Cal.) (dismissed for failure to state a claim on 05/09/2007);and 1:06-cv-01434-LJO-LJO Smith v. Board of Prison Term Personnel, et al. (E.D. Cal.) (dismissed for failure to state a claim on 08/16/2007).

[3] Plaintiff's allegations concern the deprivation of Plaintiff's rights to liberty and property under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments. (Doc. 1.) The Complaint is devoid of any showing that Plaintiff was under imminent danger of serious physical injury at the time he filed the Complaint. Id. The Court expresses no opinion on the merits of Plaintiff's claims.